IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHEILA M. SPENCER,

                                                                         OPINION AND ORDER

                Debtor-Appellant,

                                                                        13-cv-369-bbc

    v.

PNC BANK, N.A.,

                Creditor-Appellee.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Debtor Sheila Spencer has appealed the decision of the bankruptcy court to deny her request to reopen her case and two subsequent motions for reconsideration. Because Spencer has not shown that the bankruptcy court abused its discretion, I am affirming the decision.

BACKGROUND

On July 9, 2010, debtor Sheila Spencer filed a petition under chapter 7 of the bankruptcy code. Among her debts at the time was a home mortgage obtained in 2005 that was in default and in foreclosure proceedings in state court. The bankruptcy petition resulted in a stay of the foreclosure proceedings.

On August 10, 2010, creditor PNC Bank, N.A. filed a motion in the bankruptcy court in which it identified itself as the holder of the mortgage and asked for relief from the stay

so that it could proceed with the foreclosure. When Spencer did not file an objection to the motion, the bankruptcy court granted it. After determining that Spencer had no assets to distribute, the bankruptcy court granted a discharge and closed the case.

On January 10, 2013, Spencer filed a motion with the bankruptcy court to reopen her case. (At the same time, Spencer attempted to remove the foreclosure action to federal court, but I remanded the case for lack of jurisdiction. PNC Bank, N.A. v. Spencer, No. 13-cv-21-bbc.) Spencer devoted most her motion to allegations that PNC Bank is not the owner of the mortgage. At the conclusion of her motion, she said that the case should be reopened

> to provide the pro rata share of assets consisting of damages to be recovered in the federal court action, to allow her to file Amended Schedules D and F to correctly designate the real party in interest which claims to own the purported mortgage loan, Freddie Mac, as unsecured, and to have the case administered on the basis of true facts and not upon Ms. Spencer's mistaken beliefs based upon frauds committed against her.

After holding a telephonic hearing, the bankruptcy court denied Spencer's motion and later denied two motions for reconsideration.

OPINION

It is difficult to follow much of Spencer's briefs, in part because she provides no context or background for her arguments, but I understand her position to be that the bankruptcy case should be reopened so that she can "correct her schedules" to show that the Federal Home Loan Mortgage Corporation (Freddie Mac) is the true owner of her mortgage. Debtor's Br., dkt. #7, at 2. Second, once the change is made, Spencer believes she can show that the loan is unsecured, "resulting in the availability of equity in the Debtor's homestead

2

above the amount of her exemptions being available for distribution to the class of unsecured creditors." Id. at 4. Finally, she wants "to amend her Schedule of Financial Affairs to list [a] newly discovered fraud cause of action against" PNC. Id. at 5.

Under 11 U.S.C. § 350(b), a bankruptcy "case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." As examples of cause, the Court of Appeals for the Seventh Circuit has listed "the correction of errors, amendments necessitated by unanticipated events that frustrate a plan's implementation, and the need to enforce the plan and discharge." In re Zurn, 290 F.3d 861, 864 (7th Cir. 2002). In Redmond v. Fifth Third Bank, 624 F.3d 793, 798 (7th Cir. 2010), the court set forth three factors that should be considered before reopening a case: (1) the length of time that the case has been closed; (2) whether the debtor would be entitled to relief if the case were reopened; and (3) the availability of nonbankruptcy courts, such as state courts, to entertain the claims.

The bankruptcy court considered each of these factors, but found that none of them supported a decision to reopen the case, so it denied Spencer's motion, along with her two motions for reconsideration. I may not reverse those decisions unless I find that the bankruptcy court abused its discretion. Id.

With respect to the length of time the case was closed, it is undisputed that the bankruptcy court closed the case in October 2010 and Spencer filed her motion to reopen in January 2013, more than two years later. As an initial matter, Spencer argues that "delay is not a factor in re-opening a bankruptcy case," Debtor's Br., dkt. #7, at 5, but that

argument is contrary to Redmond, a case Spencer ignores even though the bankruptcy court cited it many times.

Under Redmond, 624 F.3d at 799, "[t]he passage of time weighs heavily against reopening." Despite Spencer's conclusory statement that PNC's "fraud" caused the delay, she does not identify any particular action by PNC or anyone else that prevented her from asking to amend her schedules earlier. Further, although Spencer says that she brought her motion "within 11 days" of the date that she determined that Freddie Mac was the true owner of her mortgage, she does not cite any supporting evidence motion that was not available to her before the bankruptcy case was closed. Merck & Co., Inc. v. Reynolds, 559 U.S. 633, 645 (2010) ("Fraud is deemed to be discovered when, in the exercise of reasonable diligence, it could have been discovered.") (internal quotations and alterations omitted); King v. City of Madison, 550 F.3d 598, 601 (7th Cir. 2008) (district court did not abuse discretion in declining to reopen case on ground of newly discovered evidence when that evidence "was available to [plaintiff] through the litigation").

With respect to the question whether Spencer would be entitled to relief if she were able to reopen the case, the bankruptcy court considered Spencer's proposed new fraud claims as a potential asset, but concluded that they were "highly speculative" and inconsistent with the findings in the state court foreclosure proceeding. In response, Spencer neither tries to show that she could meet the elements of a fraud claim or responds to the bankruptcy court's observation that any fraud claims would be inconsistent with the foreclosure action, which suggests that such claims could be barred by the doctrine of issue

4

preclusion. Northern States Power Co. v. Bugher, 189 Wis. 2d 541, 550, 525 N.W.2d 723, 727 (1995) ("Issue preclusion refers to the effect of a judgment in foreclosing relitigation in a subsequent action of an issue of law or fact that has been actually litigated and decided in a prior action."). Instead, she says that "[t]here is no equitable basis to deny an amendment to Schedule B for the simple purpose of disclosing the existence of contingent claims." Debtor's Br., dkt. #10, at 8. With respect, that argument is absurd. Before a bankruptcy court is required to upset settled expectations and reopen a case that has been closed for more than two years, at the least the debtor must make a showing that she will be able to obtain the relief she seeks. Redmond, 624 F.3d at 803 ("[A] closed bankruptcy proceeding should not be reopened where it appears that to do so would be futile and a waste of judicial resources.") (internal quotations omitted).

Alternatively, Spencer argues that the bankruptcy court overlooked her request to amend her schedules to identify Freddie Mac as the true owner of her mortgage. According to Spencer, "since Freddie Mac is unsecured, there is equity available in Ms. Spencer's homestead above the amount of her homestead exemption for distribution to unsecured creditors, including Freddie Mac." Debtor's Br., dkt. #10, at 9. This argument is dubious for multiple reasons, but even if I accept it as true, it does not suggest that *Spencer* would be entitled to relief. In fact, Spencer says that she is "not seeking to reopen her Chapter 7 bankruptcy to seek any relief for herself." Debtor's Br., dkt. #7, at 2. Rather, she says she wants to amend her schedules for the purpose of distributing assets to her creditors. Generally, a party "must assert his own legal rights and interests, and cannot rest his claim

to relief on the legal rights or interests of third parties." Kowalski v. Tesmer, 543 U.S. 125, 129 (2004). If Spencer's creditors believe that they are entitled to more assets, they are free to file their own motion to reopen. However, Spencer cites no authority for the view that she has standing to reopen a case to make a change that she says cannot benefit her.

With respect to the question whether relief is available in state court, the bankruptcy court concluded that Spencer's motion raised a "dispute about who really is the current owner of and holder of the" mortgage, an issue that should be addressed in the foreclosure action in state court. Bankr. dkt. #37 at 12. Spencer ignores this issue in her opening brief. In her reply brief, she says that she "does not seek to litigate the ownership of the Freddie Mac loan in bankruptcy court," dkt. #10 at 2, but it is difficult to take that argument seriously. All of the relief she seeks in bankruptcy court is contingent on a finding that PNC does not own her mortgage. Thus, I agree with the bankruptcy court that state court is the proper forum for this dispute, to the extent it has not already been resolved there.

Spencer cites Matter of Stark, 717 F.2d 322, 324 (7th Cir. 1983), for the proposition that she has the right to reopen her case "to add an omitted creditor where there is no evidence of fraud or intentional design." However, Stark is not instructive because Spencer is not seeking to "add an omitted creditor" so that she can discharge a debt, as was the situation in the Stark. In any event, Stark must be read in conjunction with Redmond. Because Spencer has not shown that any of the Redmond factors support her motion, I am affirming the decision of the bankruptcy court.

ORDER

IT IS ORDERED that the decisions of the United States Bankruptcy Court for the Western District of Wisconsin denying debtor Sheila Spencer's motion to reopen the case and her two motions for reconsideration are AFFIRMED.

Entered this 7th day of October, 2013.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge